IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL CALVIN WANLESS,

    Petitioner,        No. 2:10-cv-2243 WBS KJN P

   vs.

R.E. BARNES, Warden,

    Respondent.      <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding without counsel.  On December 14, 2011, the magistrate judge issued findings and recommendations recommending that petitioner's application for writ of habeas corpus be denied.  (Dkt. No. 19.)

        On January 12, 2012, petitioner filed a motion to appoint counsel and a motion for delay of the proceedings based on petitioner's medical condition.  Petitioner states that after he had a large malignant tumor removed from his colon, he was diagnosed with stage three colon cancer, a terminal illness.  (Dkt. No. 21 at 2.)  Petitioner subsequently had surgery to implant a catheter and pump in his neck and chest to facilitate chemotherapy that will last at least 90 days. Petitioner claims he will be medically incompetent for the unforeseeable near future.  Petitioner seeks an extension to allow him "the time to finish chemotherapy and recover from its debilitating effects."  (Dkt. No. 21 at 4.)  The medical record provided by plaintiff states "colonic adenocarcinoma . . . invading through muscularis into subserosal adipose tissue" and "metastatic

1  carcinoma in one of seventeen lymph nodes." (Dkt. No. 21 at 6.) Good cause appearing,
2  petitioner's request for medical delay is granted. The court will stay the instant action for a
3  period of four months. At the end of four months, petitioner shall file a status report as to his
4  medical condition, and either request a further continuance, or ask the court to lift the stay.

5  Petitioner has requested the appointment of counsel. There currently exists no
6  absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d
7  453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at
8  any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing
9  § 2254 Cases. In the present case, in light of the December 14, 2011 findings and
10 recommendations, the court does not find that the interests of justice would be served by the
11 appointment of counsel.

12 Accordingly, IT IS HEREBY ORDERED that:

13 1. Petitioner's January 12, 2012 motion for medical delay (dkt. no. 21) is granted;
14 within four months from the date of this order, plaintiff shall file a status report as set forth
15 above; and

16 2. Petitioner's January 12, 2012 motion for appointment of counsel (dkt. no. 20)
17 is denied without prejudice.

18 DATED: January 19, 2012

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

/wanl2243.110

2