1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL CALVIN WANLESS,

11           Petitioner,              No. 2:10-cv-2243 WBS KJN P

12       vs.

13   R.E. BARNES, Warden,

14           Respondent.             <u>ORDER</u>

15   _____/

16           Petitioner is a state prisoner, proceeding without counsel and in forma pauperis,

17   with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On December 14, 2011,

18   the assigned magistrate judge recommended that the petition be denied.  (Dkt. No. 19.)   On

19   January 12, 2012, petitioner informed the court that he was recently diagnosed with stage three

20   colon cancer.[1]  (Dkt. No. 21.)  On January 20, 2012, petitioner's motion for medical delay was

21   granted, this action was stayed, and petitioner was directed to file a status report in four months.

22   (Dkt. No. 23.)

23           On May 17, 2012, petitioner filed a status report.  (Dkt. No. 25.)  Petitioner

24   claims he "is still seriously ill from the colon cancer and the treatment, rendering him . . .

25   _____

26           [1]  Petitioner had surgery on December 17, 2011, to remove a large malignant tumor from his colon.  (Dkt. No. 21 at 2.)

1   'medically incompetent' and unable to legally defend himself in court."  (<u>Id.</u> at 1.)  Petitioner's

2   chemotherapy has resumed following a few weeks' respite to allow petitioner's blood cell counts

3   to raise.  Petitioner contends he

> has a constitutional right to access the courts, even if he is
> "medically incompetent," and cannot defend these rights himself.
> There is a real possibility that the petitioner may be in treatment
> for many more months or perhaps year(s), he may even die.

7   (<u>Id.</u> at 2.)  Petitioner argues that justice is not served by further delaying this action, and that he

8   should be appointed counsel to represent him in this action in the interest of justice.

9           There currently exists no absolute right to appointment of counsel in habeas

10  proceedings.  <u>See</u> <u>Nevius v. Sumner</u>, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C.

11  § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice

12  so require."  <u>See</u> Rule 8(c), Fed. R. Governing § 2254 Cases.  This determination requires a close

13  examination and evaluation of certain factors such as the likelihood of success on the merits, the

14  complexity of the legal issues raised, and the ability of the indigent petitioner to investigate and

15  present the case.  <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir 1983).

16          First, the court notes that it is empathetic to petitioner's medical condition and

17  treatment regimen.  However, the magistrate judge recommended that the petition for writ of

18  habeas corpus be denied.  Thus, it does not appear that the instant petition has merit.  In addition,

19  this case was fully briefed prior to petitioner becoming ill.  Petitioner's case is not complex, and

20  petitioner appears to understand the issues.  Although petitioner contends he is unable to hold a

21  pen or write due to neuropathy, the court received a two page legibly handwritten document

22  signed by petitioner.  It may be that someone was available, such as a jailhouse lawyer, to assist

23  petitioner in filing his request and submitting the 217 pages[2] of

---

24

25          [2]  The bulk of these records were copies of medication orders, pharmacy notes, lists of
        medications, lab results, and other routine medical records, including duplicate copies, which
        were unhelpful to the court.  Petitioner should refrain from filing bulk medical records in the
26      future.  If he has a doctor's report that would assist the court, he may submit that report.

1   accompanying medical records.[3]  Moreover, petitioner speculates that he may be in treatment for

2   many more months, but does not specify how often he has chemotherapy, or whether his illness

3   may go into remission.  (Id.)  Petitioner now refers to his illness as life-threatening (dkt. no. 25 at

4   2), rather than terminal (dkt. no. 21 at 2).

5           Thus, the factors set forth in Weygandt do not support a finding that the interests

6   of justice require the appointment of counsel.  The petition appears to be without merit.

7   Procedurally, this case is beyond the investigation stage.  The legal principles governing the

8   issues in the instant petition are settled.  Supplemental briefing by counsel at this stage of the

9   litigation would not assist the court, nor can the court see how it would be of any value to

10  petitioner, and would be an inefficient use of judicial resources.

11           For all of the above reasons, and in light of the December 14, 2011 findings and

12  recommendations, the court does not find that the interests of justice would be served by the

13  appointment of counsel.  Therefore, petitioner's request for appointment of counsel is denied

14  without prejudice provided petitioner can provide a declaration, signed by his treating physician

15  under penalty of perjury, that petitioner is mentally and physically incapable of filing objections

16  to the findings and recommendations.

17           However, the court is amenable to granting petitioner additional time to file his

18  objections.  Based on the posture of this case, petitioner will not be prejudiced by any further

19  delay.  Therefore, the stay of this action will continue for an additional four months to allow

20  petitioner time to draft his objections.  At the end of four months, petitioner shall file his

21

22           [3]  Petitioner's prior submissions were typewritten.  (Dkt. Nos. 1, 15, & 18.)  In addition,
     two documents in the medical records reflect the following.  On February 17, 2012, Dr.
23   Fontelongs with the Division of Hematology and Oncology, reported that plaintiff received
     chemotherapy "over the last 2 months with excellent tolerance." (Dkt. No. 25 at 141.)  The
24   doctor noted some "expected neurotoxicity including tingling and numbness in the extremities
     and some problems swallowing on exposure to cold weather . . . . [but] [o]verall, Mr. Wanless is
25   doing very well, and we will continue him on the same regimen up to a total of 6 months." (Id.)
     The doctor scheduled a follow-up appointment for six weeks.  (Id.)  On March 8, 2012,
26   petitioner reported no numbness, tingling or weakness in his extremities.  (Dkt. No. 25 at 148.)

1   objections.

2         Accordingly, IT IS HEREBY ORDERED that:

3         1.  Petitioner's May 17, 2012 motion for appointment of counsel (dkt. no. 25) is

4   denied without prejudice, as set forth above; and

5         2.  The stay of this action is continued.  Within four months from the date of this

6   order, petitioner shall file his objections to the December 14, 2011 findings and

7   recommendations.

8   DATED:  June 15, 2012

9

10                                        WILLIAM B. SHUBB
                                          UNITED STATES DISTRICT JUDGE

11

12

13

14   wanl2243.110

15

16

17

18

19

20

21

22

23

24

25

26

                                           4